**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

| | |
|---|---|
| **MELVIN WISE** | **PLAINTIFF** |
| **V.** | **CASE NO. 2:08CV259** |
| **ILLINOIS CENTRAL RAILROAD COMPANY** <br> **THE ESTATE OF GLENN MOORE** | **DEFENDANTS** |
| **TERESA BUSBY** | **PLAINTIFF** |
| **V.** | **CASE NO. 2:08CV260** |
| **ILLINOIS CENTRAL RAILROAD COMPANY** <br> **THE ESTATE OF GLENN MOORE** | **DEFENDANTS** |
| **STEVE WISE** | **PLAINTIFF** |
| **V.** | **CASE NO. 2:08CV261** |
| **ILLINOIS CENTRAL RAILROAD COMPANY** <br> **THE ESTATE OF GLENN MOORE** | **DEFENDANTS** |

**ORDER**

This cause comes before the court on the motions [34, 41, 36] of the defendant, Illinois Central Railroad Company ("Illinois Central"), to reconsider the court's previous order granting remand.

These three causes arise out of a car wreck. On July 1, 2008, defendant, Glenn Moore, was the driver of a vehicle which collided with a train operated by Illinois Central. Moore and his three passengers, all residents of Mississippi, were killed in the collision.

The three representative plaintiffs filed separate actions alleging negligence on the part of

Illinois Central and Moore in state court. At the time of Moore's death he had no assets and his estate currently has no assets. Illinois Central removed the suit to this court arguing Moore should be realigned as a plaintiff or alternatively that Moore was a nominal party. The court remanded the cause back to state court.

Illinois Central now asks the court to reconsider that decision. While the Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to "alter or amend" pursuant to Rule 59(e) or a motion from "relief from judgment" pursuant to Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). Specifically, if the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e), and if it is filed and served after that time, it falls under the more stringent Rule 60(b). *Teal*, 933 F.2d at 347. This motion was filed within the ten day window.

Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Illinois Central asserts the court should grant the motion to reconsider because of the need to correct a clear error of law. The court initially ruled that *Smallwood v. Illinois Central Railroad Co.*, changed the standard for deciding motions to remand by eliminating the need to "pierce the pleadings" under the facts presented. 385 F.3d 568, 573 (5th Cir. 2004). Illinois Central argues the *Smallwood* standard only applies to cases involving improper joinder. It also asserts that even if the court properly applied the *Smallwood* standard, Moore is only a nominal

2

party and should not be considered for the purposes of determining diversity jurisdiction.

The court's initial determination in this case rested on its decision not to pierce the pleadings in order to determine whether Moore should be realigned as a plaintiff for the purposes of determining diversity jurisdiction. Both the decision not to realign Moore as a plaintiff and the decision not to consider him a nominal party are related. They rest on the fact that plaintiffs have stated a claim against Moore which can withstand the dismissal standard found in Federal Rule of Civil Procedure 12(b)(6).

Illinois Central is correct in asserting that courts may realign parties to align with their real interests and that courts should disregard the citizenship of nominal parties in deciding whether or not diversity jurisdiction exists. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *United States v. Sentinel Fire Ins. Co.*, 178 F.2d 217, 233 (5th Cir. 1950). In making such determinations courts should rely on practical considerations. *Shaughnessy v. Pedreiro*, 349 U.S. 48, 54 (1955).

The practical consideration facing the court in this instance is that Moore is insolvent. Thus even though the plaintiffs have stated a claim against Moore, they have no practical hopes of recovery. There is some authority that "parties which . . . have no assets when litigation against them is commenced are nominal parties." *Inman Const. Corp. v. Southern Pilot Ins. Co.*, 2007 WL 1657422, at *2 (N.D. Miss. June 5, 2007) (citing *Stuckey v. Illinois Central R.R. Co.*, 1996 WL 407247 (N.D. Miss. June 5, 1996); *Wallis v. Southern Silo Co.*, 369 F.Supp. 92, 96 (N.D. Miss. 1973)). Likewise there is authority that under these circumstance a defendant such as Moore should be realigned as a plaintiff for the purposes of determining diversity jurisdiction. *See Stuckey*, 1996 WL 407247 (N.D. Miss. June 5, 1996).

This court has great respect for these reasoned opinions which are bottomed on the presumption that rational economic actors would not bring suit against insolvent defendants. Such logic is attractive.

However, the court believes this line of thought over emphasizes the law's function as a means to transfer wealth. The advance of an injured party's economic interests is a goal of the law; however, it is not the only goal. Mississippi law recognizes that vindication in court without economic gain is sometimes the only relief available or desired. *See Biglane v. Under the Hill Corp.*, 949 So.2d 9, 17 (Miss. 2007) (discussing the law of nominal damages).[1]

In improper joinder cases, the Fifth Circuit has adopted a standard consistent with this approach. In *Smallwood* , the court ruled district courts should only apply the dismissal standard found in Rule 12(b)(6). 385 F.3d at 573. This standard allows for plaintiffs to bring suit against any defendant that has taken an actionable offense whether or not that defendant is financially solvent. The only way this court could realign Moore as a plaintiff or consider him a nominal party is to go beyond the Rule 12(b)(6) standard. The Fifth Circuit rejected the position that district court's must look past the pleadings.

Plaintiffs have stated a cause of action against Moore. They have no chance of economic recovery from his estate. Nevertheless, Moore is a real party to this case. Moore was the driver of the vehicle that collided with Illinois Central's train and there is a substantial likelihood that Moore was at least partially at fault in this collision. Though Moore may be unable to pay he is a real party to this action and is a proper defendant.

---

[1] The court is aware that *Williams v. Wiggins* precludes nominal damages in the instant action. 285 So.2d 163, 164-65 (Miss. 1973).

Illinois Central's motion to reconsider is DENIED.

This the 12th day of November, 2009.

                                    **/s/ MICHAEL P. MILLS**
                                    **CHIEF JUDGE**
                                    **UNITED STATES DISTRICT COURT**
                                    **NORTHERN DISTRICT OF MISSISSIPPI**